

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SA CV 99-1566 DOC (ANx)    Date May 3, 2000

Title BRADLEY BAYMILLER, SHIRLEY BAYMILLER, ERNEST BENCK, ELIZABETH MIRABAI BREEMER, CHESTER NEVILLE AND SUSAN NEVILLE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED V. GUARANTEE MUTUAL LIFE COMPANY, GUARANTEE LIFE INSURANCE COMPANY, THE GUARANTEE LIFE COMPANIES, INC AND DOES 1 - 100

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date]

Date _____ Deputy Clerk _____

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Susan R. Sedei | Not Present |
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:            ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                  NONE PRESENT

PROCEEDING (IN CHAMBERS) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO AMEND WITHIN 20 DAYS

This matter comes before the Court on Defendants' Federal Rule of Civil Procedure 12(b)(6) and 9(b) Motion to Dismiss all claims in Plaintiffs' First Amended Complaint. The Court deems this motion appropriate for decision without oral argument See Fed. R. Civ. P. 78, Local Rule 7 11 Accordingly, the hearing set for May 8, 2000 is removed from the Court's calendar After consideration of the moving and responding papers, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Complaint without prejudice and with leave to amend within 20 days

### I. Factual Background

This is a putative class action against Defendants Guarantee Life Insurance Company and The Guarantee Life Companies Inc. (hereinafter "Guarantee Life") for breach of contract, breach of the covenant of good faith and fair dealing, unfair competition and fraud with regards to Plaintiffs' participating Life Plus 2 life insurance policies The six class representatives all purchased the same type of participating life insurance policy. A

MINUTES FORM 11 DOC                          Initials of Deputy Clerk _____
CIVIL - GEN                                                    MAY - 4 2000

ENTERED ON ICMS _____

participating life insurance policy is one in which the policyholders share pro rata in the annual divisible surplus of the Defendants insurance companies or otherwise share in the Defendants' profits

Plaintiffs allege that Defendants falsely represented (1) the methods by which the interest, dividends and cost of insurance charges would be calculated under the policies (and improperly failed to use specific formulas)[1] and (2) that their out-of-pocket premiums would "vanish" after the Plaintiffs made a specific number of payments.[2] Notwithstanding Plaintiffs' allegations, the policies explicitly provide for a guaranteed interest rate of 4.5% and an interest rate in excess of the guaranteed rate "in the amount and by the method to be determined by the Company" in its discretion. Plaintiffs allege that Defendants artificially and fraudulently adjusted the dividend interest rates and mortality rates for the sole benefit of the Defendants and without regard to the total investment returns, yields and investment interest rates actually earned by Defendants.

## II. Analysis

Dismissal is appropriate under Rule 12(b)(6) when a Plaintiff's allegations fail to state a claim upon which relief can be granted. *See* Fed R. Civ P. 12(b)(6). The court must accept as true the factual allegations of the complaint and indulge all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the Plaintiff. *See Westlands Water Dist v Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993); *NL Industries, Inc v Kaplan*, 792 F 2d 896, 898 (9th Cir. 1986) The court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed 1990) (quoting *Conley v Gibson*, 355 U.S. 41, 45-46, 78 S Ct. 99, 2 L Ed 2d 80 (1957)); *accord Jacobson v Hughes Aircraft Co*, 105 F.3d 1288, 1292 (9th Cir. 1997). Likewise, Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally"

### A. Breach of Contract

In its First Amended Complaint, Plaintiffs allege that Defendants breached their life insurance policies on the following grounds: (1) Defendants neglected to use a certain formula that would credit interest at rates in excess of the minimum guaranteed rates and assess insurance charges lower than the maximum guaranteed charges and therefore award Plaintiffs with Defendants' divisible surplus in the form of credited interest and reduced insurance costs and (2) Defendants improperly considered their profit motives when calculating Plaintiffs' interest

---

[1] Plaintiffs contend that certain formulas obligated Guarantee Life to (1) credit interest at rates in excess of the contractually prescribed minimum guaranteed rates, (2) assess cost of insurance charges lower than the maximum guaranteed charges set forth in the Policies and (3) ignore Defendants' own profit objectives in this formula.

[2] In their Opposition, Plaintiffs have essentially abandoned their Vanishing Premium allegations Plaintiffs' Opposition denies any reliance upon oral representations of vanishing premium promises and makes no attempt to identify any written language from the insurance contracts that promise premium payment obligations will vanish In fact, the express language of the life insurance contracts provides otherwise. "Flexible Premiums Payable *During the Lifetime of the Insured* . " Stone Decl , Ex B Thus, as to any allegations of vanishing premiums, Defendants' Motion to Dismiss is GRANTED.

MINUTES FORM 11 DOC  
CIVIL - GEN

Initials of Deputy Clerk_____

rates and insurance costs.[3]

First, nothing in the express language of Defendants' life insurance policies requires the use of a specific formula to calculate interest rates and cost of insurance charges. Rather, when calculating credited interest rates, the life insurance policies explicitly state that the rate "may be applied in the calculation of Cash Values *in the amount and by the method determined by the Company.*" Stone Decl., Ex. B, p. 10 (emphasis added). As to the cost of insurance charges, the policies explicitly state that Defendants *"may use cost of insurance rates that are lower than the guaranteed rates."* Stone Decl., Ex. B, p. 11 (emphasis added) The Court finds that this language is not ambiguous and provides the Defendants discretion to use a reasonable method and not a specific formula when crediting the policyholder any amount of interest above the guaranteed minimum rate. In other words, Guarantee Mutual had the discretion to consider more than Plaintiffs' sex, age and rating class The Court also notes that Plaintiffs do not allege that Defendants have ever applied an interest less than 4 5% — the guaranteed minimum rate — or that Plaintiffs were ever charged insurance rates above the maximum permitted by the policy.

Second, the insurance policies do not preclude Guarantee Life from considering its own profit objectives when calculating these interest rates and charges Rather, it is in Defendants' total discretion. In fact, Plaintiffs are not even guaranteed a share of Defendants' divisible surplus. The policy explicitly states that the "policy's share [of divisible surplus], if any is determined each year by the Company" and that "this policy was priced anticipating that no dividends would be payable " *Compare* Stone Decl., Ex. B, p. 7 *with Gross v. Penn. Mut Life Ins. Co*, 356 F Supp 664 (E.D. Pa 1973) (finding that there is a great difference in interpretation between a policy that states dividends *shall* be awarded and dividends *may* be awarded).

Finally, the Court does not consider the marketing materials or oral representations that Plaintiffs present because they are inconsistent with the fully integrated written contract. The insurance policies at issue contain an express integration clause: "This policy, the application for it and any new applications for additional insurance make up the entire contract . . Only the President or a Vice President of the Company may waive or change the provisions of this policy, and then only in writing " Stone Decl., Ex. B, p. 6; *see also Marks v. Lincoln Nat'l Life Ins Co*, Case No. 98099012/CC2977 (Md Cir. Ct. Sept. 14, 1998).

For the foregoing reasons, Defendants' Motion to Dismiss Claim One of Plaintiffs' First Amended Complaint is GRANTED without prejudice and with leave to amend within 20 days

### B. Breach of the Covenant of Good Faith and Fair Dealing

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Foley v Interactive Data Corp*, 47 Cal.3d 654, 683 (1988) (finding that the covenant is a contract term and that the "extent of the duty imposed by such an implied promise will depend on the contractual purposes") However, this duty of good faith does not arise until after the contract has formed and therefore does not apply to acts prior to the formation of the contract *See Microsoft Corp v. BEC Computer Co, Inc*, 818 F Supp 1313, 1318 (C.D Cal 1992) Thus, as to any misrepresentations in marketing materials, for example, alleged by Plaintiffs prior to the formation of the contract, Defendants' Motion to Dismiss Claim Two is GRANTED.

With regards to Defendants' conduct at issue after the formation of the contract, Plaintiffs argue that

---

[3] The Court does not address Plaintiffs' breach of contract claim with regards to vanishing premiums for the reasons set forth in footnote two.

MINUTES FORM 11 DOC                                    Initials of Deputy Clerk_____
CIVIL - GEN

although Defendants had discretion when setting the interest crediting rates and the cost of insurance rates, that discretion should have been exercised in good faith *See California Lettuce Growers, Inc v Union Sugar Co*, 45 Cal.2d 474, 479-80 (1955) Defendants argue that because setting the rates is expressly left to the Company's discretion, there can be no breach of the covenant of good faith and fair dealing. *See Carma Developers, Inc. v Marathon Development California, Inc*, 2 Cal.4th 342, 374 (1992) (finding that the "general rule regarding the covenant of good faith and fair dealing is plainly subject to the exception that the parties may, by express provisions of the contract, grant the right to engage in the very acts and conduct which would otherwise have been forbidden by an implied covenant of good faith and fair dealing") Likewise, in *Carma*, the Court held that it was "aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement." 2 Cal 4th at 374

The Court relies on *Third Story Music* for its interpretation of the express grant of discretion in the insurance policies and the covenant of good faith and fair dealing. *See Third Story Music, Inc. v. Waits*, 41 Cal App 4th 798, 806, 48 Cal. Rptr. 2d 747, 752 (1995) (finding that "courts are not at liberty to imply a covenant [of good faith and fair dealing] directly at odds with a contracts *express grant of discretionary power* except in those relatively rare instances when reading the provision literally would, contrary to the parties' clear intention, result in an unenforceable, illusory agreement ") (emphasis added). The Life Plus 2 life insurance policies would not be rendered illusory and thus unenforceable without the covenant of good faith and fair dealing because the contract expressly establishes minimum and maximum boundaries on Guarantee Life's discretion, which this Court considers to be a substantial promise. Thus, the Court finds that the covenant of good faith and fair dealing does not apply to Defendants' discretionary authority and thus Defendants' Motion to Dismiss Plaintiff's Second Claim is GRANTED without prejudice and with leave to amend within 20 days.

### C. Unfair Competition

"Sections 17200 and 17500 are consumer protection statutes designed, in part, to protect the public by prohibiting false, unfair, misleading or deceptive advertising." *Day v. AT&T Corp*, 63 Cal.App.4th 325, 331, 74 Cal.Rptr 2d 55, 59 (1998) To state a cause of action for unfair competition, Plaintiff must show that members of the public are likely to be deceived. *See id* (finding that actual deception or confusion need not be presented by the plaintiff) "An 'unfair' practice under section 17200 is one 'whose harm to the victim outweighs its benefits.'" *Id*

The Court finds that Plaintiffs fail to state a cause of action for violation of the California Business and Professions Code §17200 because Plaintiffs cannot establish that Guarantee Life's conduct was likely to deceive members of the public Any allegedly deceptive marketing materials are directly contradicted by the express language of the insurance policies and such policies were fully integrated. *See* Stone Decl., Ex. B, p. 6. Furthermore, Defendants' exercise of discretion cannot be a basis of deception, as it is expressly permitted under the unambiguous language of the insurance policies Thus, Defendants' Motion to Dismiss Plaintiffs' Third Cause of Action is GRANTED without prejudice and with leave to amend within 20 days.

### D. Fraud

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Rule 9(b) requirement ensures that allegations of fraud "are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v Weidner*, 780 F.2d 727, 731 (9th Cir 1985). "[T]he absence of specification of any times,

dates, places or other details of that alleged fraudulent involvement is contrary to the fundamental purposes of Rule 9(b)." *Id.* Plaintiff must not only plead the allegations of fraud with enough specificity so that a defendant knows what is false or misleading about a statement and why it is false, but must also establish justifiable reliance on such misrepresentations. *See Mary Jane Hadland v. NN Investors Life Insurance Co., Inc.*, 24 Cal.App.4th 1578, 1586 (1994).

Plaintiffs' fraud claim is based on their assertion that Guarantee Life failed to disclose that it was not calculating interest rates and cost of insurance charges as allegedly required by the insurance policies. Plaintiffs argue that justifiable reliance is presumed because Plaintiffs' claims stem from Defendants' uniform, material omissions and misrepresentations. While the Court finds that Plaintiffs have sufficiently pled specific facts, for the purposes of Rule 9(b), setting forth the allegedly fraudulent representations in the excess of twenty pages of the Complaint, the Plaintiffs do not establish justifiable reliance. The Court finds that there cannot be reasonable reliance upon misrepresentations or a failure to disclose that are contradicted by the express language of the insurance contracts. Indeed, because the cover page of the Life Plus 2 Policies states that there is a "TEN DAY RIGHT TO CANCEL POLICY," if Plaintiffs relied on representations outside of the policy, they could have canceled the policy after reading contradictory language in the contract. Stone Decl., Ex. B. Thus, without establishing justifiable reliance, Plaintiffs fail to state a claim for fraud and Defendants' Motion to Dismiss the Fourth Cause of Action is GRANTED without prejudice and with leave to amend within 20 days.