UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SA CV 99-1566 DOC (ANx)                              Date: August 3, 2000

Title: Bradley Baymiller, Shirley Baymiller, Ernest Benck, Elizabeth Mirabai Breemer, Chester Neville and Susan Neville, on behalf of all others situated v Guarantee Mutual Life Company, Guarantee Life Insurance Company, The Guarantee Life Companies, Inc., and Does 1-100.

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date ]

Date _____  Deputy Clerk _____

PRESENT

THE HONORABLE DAVID O. CARTER, JUDGE

Susan R. Seder                                   Not Present
Courtroom Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:                ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                     NONE PRESENT

PROCEEDING (IN CHAMBERS) MOTION GRANTING DEFENDANT GUARANTEE LIFE'S MOTION TO DISMISS

This matter comes before the Court on Defendants' Federal Rule of Civil Procedure 12(b)(6) and 9(b) Motion to Dismiss all claims in Plaintiffs' Second Amended Complaint. The Court deems this motion appropriate for decision without oral argument. *See* Fed. R. Civ. P 78; Local Rule 7.11 Accordingly, the hearing set for August 7, 2000 is removed from the Court's calendar. After consideration of the moving and responding papers, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint with prejudice.

**I. Background**

On February 23, 2000, Plaintiff class submitted the First Amended Complaint ("FAC") to this Court. Plaintiff class consists of six representatives who all purchased the same type of participating life insurance policy. A participating life insurance policy is one in which the policyholders share pro rata in the annual divisible surplus of Defendants insurance companies or otherwise share Defendants' profits. Plaintiffs are charging Defendants with breach of contract, breach of the covenant of good faith and fair dealing, unfair competition and fraud with regards to Plaintiffs' participating Life Plus 2 insurance policies.

Defendant submitted a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) and 9(b), which this Court granted on May 3, 2000, with leave to amend On May 23, 2000 Plaintiff filed the Second Amended Complaint ("SAC") with this Court, alleging the same four causes of action as listed above Defendants again filed

MINUTES FORM 11 DOC
CIVIL - GEN
___ Docketed
___ Copies / NTC Sent
___ JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD

Initials of Deputy Clerk _____

a Motion to Dismiss all Claims under Federal Rule 12(b)(6) and 9(b), claiming that the "law of the case" precludes Plaintiff from re-filing a claim that has previously been decided by this Court.

## II. Legal Background
### A. RULE 12 (b)(6)

Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept as true the factual allegations of the complaint and indulge all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993); *NL Industries, Inc v Kaplan*, 792 F 2d 896, 898 (9th Cir. 1986). The court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct 99, 2 L Ed.2d 80 (1957)), *accord Jacobson v Hughes Aircraft Co*, 105 F.3d 1288, 1292 (9th Cir. 1997). Dismissal without leave to amend is appropriate only where a court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996), *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. RULE 9(b)

In pleading special matters like fraud, mistake or condition of mind, Rule 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed R. Civ. P. 9 "While mere conclusory allegations of fraud will not suffice," specifications of the time, location and nature of the alleged activities are adequate. *Bosse v. Crowell, Collier and Macmillan*, 565 F.2d 602, 611 (9th Cir. 1977).

## III. Analysis
### A. THE "LAW OF THE CASE"

Defendants contend that because the factual and legal allegations in the SAC are strikingly similar to those alleged in the FAC, Plaintiffs' claims are to be dismissed pursuant to the "law of the case" doctrine See Defendant's Mot at 6. Plaintiffs argue that the "law of the case" only applies to a decision of the court in a prior appeal. *See* Plaintiff's Opp. at 16. This argument is contrary to the law, and will not be followed in this matter.

The "law of the case" doctrine generally bars courts from "reconsidering an issue that has already been decided by the same court or a higher court in the same case" *Mendenhall v National Transp Safety Bd*, 213 F 3d 464, 469 (9th Cir. 2000) (citing *United States v. Alexander*, 106 F 3d 874, 876 (9th Cir. 1997)) The court may reconsider "the law of the case when (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result." *Id* The claims of breach of contract, breach of the implied covenant of good faith and fair dealing, fraud and violation of the Unfair Competition Act are alleged in both the first and second complaint, with the same facts supporting each claim. Because Plaintiffs have failed to truly amend their complaint as to these causes of action, the SAC is hereby dismissed with prejudice for the same reasons as the FAC Plaintiffs do not allege that the Court's May 3, 2000 order on these issues is clearly erroneous, that the law has changed, this is not on remand, and no other circumstances have been changed. Furthermore, as this is Plaintiff's third submitted Complaint, no injustice is committed by dismissing the claims. The Court finds that providing Plaintiffs with three opportunities to state a claim is more than ample.

Defendants charge that there are no new allegations raised in the SAC, and that the "expense overcharging"

allegation and the "Planned Periodic Premium" allegation were both alleged in the FAC. Expense overcharging refers to the practice of setting the interest rate credits improperly by including impermissible factors into the calculation, resulting in higher costs and lower returns. The Planned Periodic Premium allegation involves Plaintiffs charge that Defendants guaranteed to the class that the premium payments would keep the Policies in force until there respective maturity dates. Plaintiffs believe that these issues are wholly different from the claims raised in the FAC, and therefore state a claim for breach of contract, but the Court fails to find any evidence submitted that is substantially different as to change the previous ruling.

### 1. Overcharging Expenses

The first of the "new" claims that Plaintiffs raise is that Defendants modified the contractual limitations regarding payment of expenses. Plaintiffs assert that Defendants artificially charged policyowners "the maximum expenses allowed under the subject contracts" and used the monies for other purposes. Plaintiffs' SAC at 14. This claim was addressed in the May 3, 2000 Order from this Court, which stated that "nothing in the express language of Defendants' life insurance policies requires the use of a specific formula to calculate interest rates and cost of insurance charges." May 3, 2000 Order at 3. The Court further found that Defendants were explicitly allowed in the contract to set the rates, as long as they were above the minimum and below the maximum rates set forth in the contract. *See id.* As this issue was previously addressed by this Court, it is dismissed under the "law of the case" doctrine.

### 2. Planned Periodic Premium

Plaintiffs also claim in the SAC that Defendants' practice of overcharging led to the undervaluation of the monthly payments necessary to keep the Policy in force. This allegation is also discussed in the May 3, 2000 order, where the Court stated that it is in Defendants total discretion to set rates, using no specific formula. *See* May 3, 2000 Order at 3. The Court agrees with Plaintiffs that the allegation here is different than the "vanishing premium" charge alleged in the FAC, but the charge here still revolves around the Defendants' right to set their rates using their own criteria. Moreover, there is no new evidence submitted that contradicts the information stated in the contract which states that " coverage may expire prior to the maturity or expiry date shown based upon the guaranteed interest rate, the guaranteed maximum cost of insurance rates, and the planned periodic premiums *even if paid on a timely basis* " Plaintiff Opp., Ex. 1 at 3 (emphasis added). Plaintiffs' claim, as stated in the May 3, 2000 Order, is directly in contrast to the explicit contract

### B. FAILURE TO STATE A CLAIM

Briefly, the Court further finds that the four causes of action advanced by Plaintiffs fail to allege facts upon which a claim can be stated. The claims for breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Fraud, and Violation of the Unfair Competition Act are hereby dismissed under Rule 12(b)(6)

### 1. Breach of Contract

Plaintiffs charge that Defendants breached the contract by manipulating the interest and mortality rates, diverting funds otherwise owed to the policyholders. Plaintiffs further allege that they were charged monthly expense rates above those stipulated for in the contract. In reviewing the SAC, the Court finds no evidence for the above charges. In regards to the manipulated rates, the parties contract specifically states that Defendants have the discretion to alter the insurance rates "in the amount and by the method determined by the Company." Plaintiffs' SAC, Ex 1, pg 10 The Plaintiffs also fail to attach any bills, statements or yearly reports that show that Defendants charged Plaintiffs monthly expenses above the $4.00 Monthly Expense Charge and the Per Cent of Premium Expense Charge of 9 00% This was the amount agreed to in the contract, and no evidence that it was not

adhered to is presented. Plaintiffs seem to be interpreting the higher interest rate used as a definitive monthly charge, but the Court finds a difference between Defendants using a higher interest rate, and hence lowering Plaintiffs returns, and a direct monthly charge. The claim for breach of contract is dismissed with prejudice.

### 2. Breach of Implied Covenant of Good Faith and Fair Dealing

In using its discretion for setting rates and costs of insurance, Defendants have been charged by Plaintiffs with breaching the implied covenant of good faith and fair dealing. "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 683 (1988) (finding that the covenant is a contract term and that the "extent of the duty imposed by such an implied promise will depend on the contractual purposes"). However, this duty of good faith does not arise until after the contract has formed and therefore does not apply to acts prior to the formation of the contract. *See Microsoft Corp v. BEC Computer Co., Inc.*, 818 F. Supp. 1313, 1318 (C.D. Cal. 1992).

Plaintiffs allege that Defendants failed to act in good faith when they set their own interest rate and affected the rate of return for Plaintiffs. The Court finds that these are actions that are specifically allowed for in the parties contract. While the Plaintiffs cite many cases stating that insurers are not allowed to withhold payments from its insured, this is dramatically different than Defendants actions, which are permitted under the terms of the contract. The Court relies on *Third Story Music* for its interpretation of the express grant of discretion in the insurance policies and the covenant of good faith and fair dealing. *See Third Story Music, Inc. v. Waits*, 41 Cal. App. 4th 798, 806, 48 Cal. Rptr. 2d 747, 752 (1995) (finding that "courts are not at liberty to imply a covenant [of good faith and fair dealing] directly at odds with a contracts *express grant of discretionary power* except in those relatively rare instances when reading the provision literally would, contrary to the parties' clear intention, result in an unenforceable, illusory agreement.") (emphasis added). The claim for breach of implied covenant of good faith and fair dealing is dismissed with prejudice.

### 3. Fraud

Plaintiffs' fraud claim is based on their assertion that Guarantee Life failed to disclose that it was not calculating interest rates and cost of insurance charges as allegedly required by the insurance policies. Plaintiffs argue that justifiable reliance is presumed because Plaintiffs' claims stem from Defendants' uniform, material omissions and misrepresentations. While the Court finds that Plaintiffs have sufficiently pled specific facts, for the purposes of Rule 9(b), setting forth the allegedly fraudulent representations in the excess of twenty pages of the Complaint, the Plaintiffs do not establish justifiable reliance. The Court finds that there cannot be reasonable reliance upon misrepresentations or a failure to disclose that are contradicted by the express language of the insurance contracts. Indeed, because the cover page of the Life Plus 2 Policies states that there is a "TEN DAY RIGHT TO CANCEL POLICY," if Plaintiffs relied on representations outside of the policy, they could have canceled the policy after reading contradictory language in the contract. The claim for fraud is dismissed with prejudice.

### 4. Violation of Unfair Competition Act

"Sections 17200 and 17500 are consumer protection statutes designed, in part, to protect the public by prohibiting false, unfair, misleading or deceptive advertising." *Day v AT&T Corp.*, 63 Cal App 4th 325, 331, 74 Cal.Rptr.2d 55, 59 (1998). To state a cause of action for unfair competition, Plaintiff must show that members of the public are likely to be deceived. *See id.* (finding that actual deception or confusion need not be presented by the plaintiff). "An 'unfair' practice under section 17200 is one 'whose harm to the victim outweighs its benefits.'" *Id.*

MINUTES FORM 11 DOC  
CIVIL - GEN

Initials of Deputy Clerk _____

Plaintiffs make no mention of this act in their Opposition, but raise the same issues in the SAC as they did in the FAC As such, the Court adheres to its May 3, 2000 Order and finds that members of the public are not likely to be deceived by a contract that explicitly lays out the terms and charging schedule.

### IV.  Disposition

The Court finds that the SAC submitted by the Plaintiffs fails to present any new, substantially different evidence, and hence fails the test for reversal under "law of the case" doctrine. The Motion to Dismiss is hereby GRANTED with prejudice.