JUDGMENT

Priority Send
~~Enter~~
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

SACV99-1566 DOC (ANx)

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NO. 00-56532
CT/AG# CV-99-01566-DOC


FILED
APR - 5 2002
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY _____ DEPUTY

BRADLEY BAYMILLER; SHIRLEY BAYMILLER; ERNST BENCK; ELIZABETH MIRABAI BREEMER; CHESTER NEVILLE; SUSAN NEVILLE

Plaintiffs - Appellants

v.

GUARANTEE MUTUAL LIFE COMPANY; GUARANTEE LIFE INSURANCE COMPANY, THE GUARANTEE LIFE COMPANIES, INC.

Defendants - Appellees

LODGED
CLERK, U.S. DISTRICT COURT
APR 1 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

APPEAL FROM the United States District Court for the Central District of California (Santa Ana).

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Central District of California (Santa Ana) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is VACATED and REMANDED.

Filed and entered - 3/1/02.


ENTER ON ICMS
APR - 8 2002
36

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
MAR 25 2002
by: _____
Deputy Clerk

**FILED**
MAR - 1 2002
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRADLEY BAYMILLER; SHIRLEY BAYMILLER; ERNEST BENCK; ELIZABETH MIRABAI BREEMER; CHESTER NEVILLE; SUSAN NEVILLE, *Plaintiffs-Appellants*, <br><br> v. <br><br> GUARANTEE MUTUAL LIFE COMPANY; GUARANTEE LIFE INSURANCE COMPANY; THE GUARANTEE LIFE COMPANIES, INC., *Defendants-Appellees*. | No. 00-56532 <br><br> D.C. No. SA-CV-99-1566-DOC <br><br> ORDER* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 5, 2001
Pasadena, California

Before:    BEEZER and WARDLAW, Circuit Judges, and SCHWARZER, District Judge.**

---

*This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Plaintiff-appellants, purchasers of insurance policies issued by defendant-appellees, appeal the district court's dismissal with prejudice of their action for failure to state a claim upon which relief may be granted. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]

On appeal, plaintiffs argue for the first time that the district court lacked subject matter jurisdiction. The answering defendants argue that both diversity and federal question jurisdiction exist, and ask in the alternative that we remand to the district court to allow fact-finding and amendment of the pleadings to determine whether jurisdiction existed.

The current record does not permit us to determine whether the district court had jurisdiction. The removed complaint is the relevant complaint for jurisdictional purposes. *Toumajian v. Frailey*, 135 F.3d 648, 653 n.2 (9th Cir. 1998). The complaint we consider seeks unspecified damages and other relief but wholly fails to plead an amount in controversy or an explicit federal question. The uncontested notice of removal contains entirely conclusory allegations. No

---

[1] The fictitious "Doe" defendants listed in the complaint were never formally dismissed. The district court's order granting the named defendants' motion to dismiss is nevertheless final and appealable. *Patchick v. Kensington Publ'g Corp.*, 743 F.2d 675, 677 (9th Cir. 1984).

2

ground for federal jurisdiction is facially apparent. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Defendants had no opportunity to contest any claimed lack of jurisdiction in the district court, plaintiffs ignored the issue until judgment was entered against them, and the district court has never addressed the subject at all. We vacate the judgment and remand to the district court with instructions to conduct fact-finding, *see id.*, and permit amendment of the pleadings to clarify whether subject-matter jurisdiction existed when the case was removed. *Leuhrs v. Utah Home Fire Ins. Co.*, 450 F.2d 452, 454 (9th Cir. 1971).

The parties shall each bear their own costs on appeal.

**VACATED and REMANDED.**

