Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d). CIVIL MINUTES - GENERAL

Case No. SA CV 99-1566 DOC (ANx)                                            Date: May 7, 2002

Title: Bradley Baymiller, Shirley Baymiller, Ernest Benck, Elizabeth Mirabai Breemer, Chester Neville and Susan Neville, on behalf of themselves and all others similarly situated v. Guarantee Mutual Life Company, Guarantee Life Insurance Company, The Guarantee Life Companies, Inc. and Does 1 - 100.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid to all counsel (or parties) at their respective most recent address of record in this action on this date.]
Date:_____ Deputy Clerk:_____

ENTERED
MAY -7 2002
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
BY _____ DEPUTY

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Kristee Hopkins                                          Not Present
Courtroom Clerk                                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                             NONE PRESENT

---

PROCEEDING (IN CHAMBERS):    DENYING PLAINTIFFS' MOTION TO REMAND AND
                             DISMISSING PLAINTIFFS' COMPLAINT

Before the Court is Plaintiffs motion to remand the matter to state court. The Court deems this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 13, 2002 at 8:30 a.m. is VACATED. After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court DENIES the motion.

I.   BACKGROUND

This is a putative class action against Defendants Guarantee Life Insurance Company and The Guarantee Life Companies Inc. (hereinafter "Guarantee Life") for breach of contract, breach of the covenant of good faith and fair dealing, unfair competition and fraud with regards to Plaintiffs' participating Life Plus 2 life insurance policies. The six class representatives all purchased the same

MINUTES FORM  Docketed
CIVIL - GEN    Copies / NTC Sent
               JS - 5 / JS - 6
               JS - 2 / JS - 3
               CLSD

ENTER ON ICMS
MAY -7 2002

Initials of Deputy Clerk
Page 1 of 4

type of participating life insurance policy. A participating life insurance policy is one in which the policyholders share pro rata in the annual divisible surplus of the Defendants insurance companies or otherwise share in the Defendants' profits.

Plaintiffs alleged that Defendants falsely represented (1) the methods by which the interest, dividends and cost of insurance charges would be calculated under the policies (and improperly failed to use specific formulas)[1] and (2) that their out-of-pocket premiums would "vanish" after the Plaintiffs made a specific number of payments.

Plaintiffs filed their complaint in the Orange County Superior Court on November 17, 1999. Defendants were served November 22, 1999. Defendants timely removed the matter on December 20, 1999. Plaintiffs filed a First Amended Complaint on February 25, 2000. The court dismissed the complaint without prejudice by minute order on May 3, 2000. May 23, 2000, Plaintiffs filed a Second Amended Complaint. The Court dismissed the Second Amended Complaint with prejudice on August 3, 2000 and entered judgement. Plaintiffs timely appealed to the United States Court of Appeals for the Ninth Circuit. On appeal, Plaintiffs for the first time argued that this Court lacked subject matter jurisdiction and that therefore the judgment should be vacated and the matter remanded back to the Superior Court. Recognizing the principle that subject matter jurisdiction may be raised at any stage, *see Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 2 L. Ed. 229 (1804), vacated the judgment and remanded the matter to this Court to consider in the first instance. *Baymiller v. Guarantee*, No. 00-56532, 2002 WL 463444 (9th Cir. Mar. 1, 2002). Accordingly, the Court ordered Plaintiff to file its motion to remand so as to consider the issue.

## II. DISCUSSION

Defendants removed this action on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Both sides agree that all Defendants are citizens of different states than all Plaintiffs. *Id.*; *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The only issue of federal jurisdiction contested is whether the amount in controversy is more than $75,000 as required by statute.

As the Ninth Circuit noted in its order remanding the case, the Court must look to whether diversity jurisdiction existed at the time the case was removed. *Baymiller*, 2002 WL 463444, at *1 (citing *Luehrs v. Utah Home Fire Ins. Co.*, 450 F.2d 452, 454 (9th Cir. 1971).

Here, the six named Class Plaintiffs all held insurance policies with a face value of no

---

[1] Plaintiffs contend that certain formulas obligated Guarantee Life to (1) credit interest at rates in excess of the contractually prescribed minimum guaranteed rates, (2) assess cost of insurance charges lower than the maximum guaranteed charges set forth in the Policies and (3) ignore Defendants' own profit objectives in this formula.

less than $75,000. (Compl. ¶ 6.)[2] Because Plaintiffs were seeking to prosecute this matter as a class action, they were necessarily required to be both representative and typical of the class claims. See Fed. R. Civ. P. 23(a). Among other things, Plaintiffs claimed that Defendant had engaged in a fraudulent marketing scheme, whereby they promised that the life insurance plans would be a "vanishing premium." (Compl. ¶¶ 19-32.) Under this scheme, Defendants allegedly represented to class members that at a certain point in the future, the class members would no longer have to pay out of pocket premiums because the dividends and interest from the plan funds would eventually cover the cost of premiums. (Compl. ¶ 21.) Plaintiffs alleged that the calculations and presentations given by Defendants were false, and promised a "vanishing date"–the date when class members could stop paying out-of-pocket premiums–that was much earlier than what really happened. (Compl. ¶ 23-28.) According to the Complaint, Defendants have demanded that class members pay additional out-of-pocket premiums beyond the "vanishing date." (Compl. ¶ 42.) Plaintiffs alleged that as a result of the Defendants' breach of contract and fraudulent misrepresentation, "[m]any Class Members have had policies canceled due to their inability or unwillingness to pay additional premiums beyond those agreed to between them and defendants. (Compl. ¶ 42.)

Plaintiffs, after having lost on a motion to dismiss, now argue that the damages they were seeking were relatively small. They contend they were only seeking a refund of a small percentage of Defendants' profits that should have been shared with them. Nevertheless, their demand sought compensatory, consequential, and punitive damages, attorneys fees, restitution, disgorgement of profits, and injunctive relief. (Compl. at 34.) In *In re Prudential Insurance Co. of America Sales Practices Litigation*, 962 F.Supp. 450, 503 (D.N.J. 1997), the district court addressed an allegedly similar "vanishing premium" scheme. There, the district court held that "[w]here plaintiffs seek equitable relief pertaining to the enforcement of insurance policies, the face value of the policy is the measure of the amount in controversy." *Id.* at 503.

Prudential appears to accord with the Supreme Court's decision in *Bell v. Preferred Life Assurance Society of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943). There, the plaintiff claimed hat he was fraudulently induced to buying an insurance policy with a face value of $1,000. *Id.* The Court appears to accept the finding by the district judge that the plaintiff could only recover the face value of the policy, and thus $1,000 is the appropriate sum to determine the amount in controversy. *Id.*[3] This determination of the amount in controversy requirement is also appropriate as it

---

[2] Because the original complaint was the operative pleading at the time the case was removed, the allegations contained therein are the appropriate ones in considering whether subject matter jurisdiction existed at the time of removal.

[3] The Court then goes on to find that there is Diversity Jurisdiction under the statute in effect at the time requiring the amount in controversy to be in excess of $3,000. The Court finds that the amount in controversy is supported by a potential award of punitive damages that, when added to the actual damages, exceeds the $3,000 threshold.

provides a mirror-image to cases where an insurer seeks to cancel an insurance policy due to the insured's fraud and the amount of controversy is determined with reference to the face value. *See, e.g., Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93, 94 (11th Cir. 1996).

Furthermore, the complaint specifically alleges that class members who have paid through the "vanishing date" represented to them have had their policies canceled. (Compl. ¶ 42.) Accordingly, they will be due the face value of their policy on their death, "an event bound to happen." *Guardian Life*, 101 F.3d at 94. The face value is therefore the amount that Defendants will eventually have to pay to all Plaintiffs.

Because the Ninth Circuit has held that Congressional enactment of 28 U.S.C. § 1367 effectively overruled the Supreme Court's decision in *Zahn v. International Paper Co.*, 414 U.S. 291, 300, 94 S. Ct. 505 (1973), so long as one named plaintiff's claim meets the amount in controversy requirement, the Court can exercise jurisdiction over all claims. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001). Here, five of the six named plaintiffs have policies with face values in excess of $75,000.[4] Accordingly, the Court may exercise jurisdiction over the entire class action.

## III. DISPOSITION

For the reasons set forth above, Plaintiffs' motion to remand to state court is DENIED.

Having resolved the issue for which the Ninth Circuit remanded this matter, the Court accordingly reinstates the order of dismissal and judgment entered in this matter on August 3, 2000. Plaintiffs' complaint is therefore DISMISSED WITH PREJUDICE. This order shall constitute entry of judgment pursuant to Federal Rules of Civil Procedure 58 and 79(a). Local Rule 58-6.

The Clerk shall serve this minute order on all parties to the action.

---

Id. at 243, 64 S. Ct. at 7.

[4] The sixth has a policy of exactly $75,000. Of course the award of even $1 in punitive damages, allocated amongst all class members as required by Gibson, 261 F.3d at 946, would make the amount in controversy of her claim "exceed[] the sum or value of $75,000" as required by statute. 28 U.S.C. § 1332.